UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE DENNIS,<br><br>Petitioner,<br><br>v.<br><br>STEVEN JOHNSON, et al.,<br><br>Respondents. | Civil Action No. 16-2664 (FLW)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner's filing of an Amended Petition and a second motion to stay the petition (ECF Nos. 13, 14) so that Petitioner can exhaust his state court remedies with respect to Grounds Seven, Eight, and Nine of the Petition. For the reasons explained below the Court will deny the motion for a stay, construe Grounds Seven, Eight, and Nine of the Amended Petition as gateway claims under *Martinez v. Ryan*, 566 U.S. 1, 9, 17 (2012), and order supplemental briefing as to Grounds Seven, Eight, and Nine of the Amended Petition.

Petitioner is a convicted state prisoner who has filed a habeas Petition challenging his New Jersey state court conviction pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1.) After the Court directed Respondent to Answer the Petition (ECF No. 2), Petitioner filed a motion to stay the petition, which was docketed on July 15, 2016. (ECF No. 5.) On August 12, 2016, Respondent submitted its Answer. (ECF No. 8.) The Court subsequently denied without prejudice

---

[1] Petitioner's Petition is dated May 3, 2016 (ECF No. 1, Pet. at 17), and includes a signed certification stating that Petitioner has been notified that he must include in the Petition all grounds from the conviction that he is challenging, and that he may be precluded from presenting additional grounds at a later date. (*Id.* at 17.) Petitioner appears to raise six separate grounds for relief (*id.* at 22-40), and answered "yes" to the following question: "Have all grounds for relief that you have raised in this petition been presented to the highest state court?" (*Id.* at 13.)

1

Petitioner's motion to stay because Petitioner failed to include his unexhausted grounds in his Petition. (*See* ECF No. 12). The Court permitted Petitioner to file an (1) an amended petition that includes all federal grounds for relief that he wishes to raise in his § 2254 petition (both exhausted and unexhausted), and (2) a new motion for a stay that complied with the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005).

The Amended Petition includes Nine Grounds for relief, and Grounds Seven, Eight, and Nine appear to be unexhausted. (*See* ECF No. 13, at 35-50.) Grounds Seven, Eight, and Nine each allege that Petitioner's initial PCR counsel was ineffective for failing to raise appellate counsel's failure to raise trial counsel's ineffectiveness. (*See id.*)

Respondent has opposed Petitioner's motion for a stay and have attached a copy of a Promis/Gavel Motions sheet that appears to show that Petitioner filed a second PCR in state court on February 22, 2017, which was dismissed pursuant to N.J. Ct. R. 3:22-12 on March 16, 2017. (ECF No. 15-1.) That rule requires, in relevant part, a petitioner to file a second PCR alleging ineffective assistance of first PCR counsel not more than one year after denial of the first PCR. *See* N.J. Ct. R. 3:22-(a)(2)(C). Here, as pointed out by Respondent, Petitioner's second PCR was filed on February 22, 2017, more than one year after the denial of his first PCR on January 8, 2014. (ECF Nos. 8-17, 8-27, Exs. 16, 26 to Respondent's Answer.) The current version of N.J. Ct. R. 3:22-12(c), which is applicable here, states that the Rule shall not be relaxed, except as provided in the Rule itself.

From the record before the Court, it appears that the trial court has rejected Petitioner's attempt to file a second PCR as barred by N.J. Ct. R. 3:22-12.[2] Although it is not clear (1)

---

[2] The claims raised in Grounds Seven, Eight, and Nine involve ineffective assistance of counsel at trial, and thus do not involve new facts or evidence. As such, there is nothing to suggest that the appellate court would reverse the trial court dismissal of Petitioner's second PCR or that the

whether Petitioner's second PCR sought relief on Grounds Seven, Eight, and Nine or (2) whether Petitioner appealed the denial of his second PCR to every level of the state court, the Court finds that that Grounds Seven, Eight, and Nine, which allege ineffective assistance of PCR counsel, are <u>not</u> cognizable on habeas review. Pursuant to 28 U.S.C.A. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." As such, Petitioner's allegation that his PCR attorney was ineffective for failing to raise Petitioner's appellate and trial counsel's ineffectiveness in <u>not</u> cognizable for on federal habeas review.[3] Thus, exhausting Grounds Seven, Eight, and Nine in state court would not provide a basis for habeas review by this Court.[4] The Court will therefore deny Petitioner's motion for a stay to exhaust Grounds Seven, Eight, and Nine of the Amended Petition.

Having reviewed the facts of Petitioner's claims, and in light of his *pro se* status, however, the Court will liberally construe Grounds Seven, Eight, and Nine, to allege ineffective

---

trial court courts would permit Petitioner to file third PCR raising these claims.

[3] Furthermore, although Petitioner appears to allege that his counsel on direct appeal was ineffective for failing to raise the ineffectiveness of his trial counsel, such claims are typically raised on PCR and not on direct appeal.

[4] The principle of federal-state comity has long required a state prisoner to give the state courts an initial opportunity to pass upon and correct alleged violations of federal rights before a federal court will entertain his habeas petition. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). The Supreme Court has emphasized that to exhaust available state remedies "the federal claim must be fairly presented to the state courts . . . . Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Id.* at 275-76 (citations omitted). The Third Circuit Court of Appeals has also stated that a fair presentation of a federal claim to the state courts requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory <u>and the facts underpinning the federal claim</u> must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992) (citations omitted).

assistance of trial counsel, and will treat Petitioner's allegation of ineffective assistance of PCR counsel as a gateway claim under *Martinez v. Ryan*, 566 U.S. 1, 9, 17 (2012) (holding that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial).[5] So construed, Ground Seven challenges trial counsel's failure to move for the exclusion of certain inflammatory evidence regarding the death of the victim in light of the fact that Petitioner was not being trial for murder. Ground Eight alleges that trial counsel, during summation, conceded Petitioner's guilt of the underlying predicate crime in the felony murder prosecution. (*Id.* at 45-50.) Ground Nine alleges that trial counsel failed to object to prosecutorial misconduct during summation. (*Id.* at 50.)

At this time, the Court will also direct Respondent to submit a supplemental answer within 45 days that provides the relevant record and legal arguments with respect to Grounds Seven, Eight, and Nine of the Amended Petition. For completeness, Respondent shall also provide the full record of Petitioner's second PCR, including any appeals. Within 45 days of his receipt of Respondent's submission, Petitioner may submit a supplemental response, including his arguments as to why his claims should not be procedurally defaulted pursuant to *Martinez v. Ryan*, 566 U.S. 1, 17 (2012).

It is therefore on this 17th day of November, 2017,

**ORDERED** that the motion to stay the § 2254 Amended Petition (ECF No. 14) is

---

[5] The rule in *Martinez* will serve to establish cause when "three conditions are met: (a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding ... and (c) the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit [.]'" *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 14). *Martinez* is limited to "trial errors" and does not apply to defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S.Ct. 2058, 2065-66 (2017).

4

DENIED for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that Respondent shall submit a supplemental answer within 45 days that provides the relevant record and legal arguments with respect to Grounds Seven, Eight, and Nine of the Amended Petition (ECF No. 13); and it is further

**ORDERED** that Respondent shall also provide the full record for Petitioner second PCR, including any appeals; and it is further

**ORDERED** that within 45 days of his receipt of Respondent's supplemental answer, Petitioner may file a supplemental response; and it is further

**ORDERED** that the Clerk shall send this Order by regular mail upon Petitioner at the address on file.

/s/      Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.