UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ANDRE DENNIS, | : | |
| --- | --- | --- |
| Petitioner, | : | Civ. No. 16-2664 (FLW) |
| v. | : | |
| STEVEN JOHNSON et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |

Petitioner *pro se*, Andre Dennis ("Petitioner"), a state prisoner presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, commenced this proceeding by filing a petition for writ of habeas corpus pursuant, under 28 U.S.C. § 2254. (*See* ECF No. 1.) After Respondents had filed an Answer to the original Petition, Petitioner filed, with the Court's leave, an Amended Petition that contained three purportedly unexhausted claims. (*See* ECF Nos. 12 & 13.) Petitioner concurrently filed a motion for a protective stay of this proceeding pending exhaustion of his new claims in the state courts. (ECF No. 14.) The Court denied Petitioner's motion for a stay, noting, among other grounds, that the state courts had dismissed Petitioner's second petition for post-conviction relief ("PCR") as untimely. (ECF No. 16.) The Court directed Respondents to file an Answer to the Amended Petition. (*Id.*)

Petitioner subsequently filed a letter seeking reconsideration of the order denying the stay motion, and, this time, Respondents joined in Petitioner's request, noting that, after the Court's denial of Petitioner's first stay motion, the state court had, upon a motion for reconsideration,

accepted Petitioner's second PCR petition for filing.[1] (ECF Nos. 17 & 18.) On May 8, 2019, Petitioner filed a motion that primarily seeks an order directing the state court to resolve on their merits all the claims in Petitioner's proposed amended second PCR petition. (ECF No. 20.)

I construe Petitioner's filings as a renewed request for a protective stay. I note that Petitioner is presently seeking to raise arguments that he claims were not previously exhausted due to the ineffective assistance of his first PCR counsel and that, if the habeas Petition were dismissed, Petitioner would be time-barred from raising his claims in another habeas petition under the Anti-Terrorism and Effective Death Penalty Act of 1996. Given that Petitioner presently has claims pending in his second state PCR proceeding that are essentially identical to those unexhausted claims asserted in his Amended Habeas Petition, and given that Respondents have now joined in Petitioner's request for a stay, the stay request will be granted.[2] This habeas proceeding will be administratively terminated until the state-court proceedings are concluded and the litigants give notice that this proceeding is ripe for reopening.

Petitioner's motion seeking an order directing the state courts to resolve all of Petitioner's claims on their merits, however, must be denied. It is not the place of this Court to direct the state court as to how it should proceed with the PCR proceeding presently pending there.

Accordingly, IT IS, on this 30th day of May 2019,

ORDERED that Petitioner's filings are construed as a renewed request for a protective stay, and the request for a protective stay is GRANTED; and it is further

---

[1] Confusingly, Respondents' filing indicating their consent to a stay was labeled on the docket as an "Answer to Amended Complaint." (*See* ECF No. 18.) Respondents have not filed any Answer to Petitioner's Amended Petition.

[2] A court may grant a protective stay to permit the petitioner to exhaust the unexhausted claims, without letting the limitations period expire on the exhausted claims, when presented with a petition that contains both exhausted and unexhausted claims—a so-called mixed petition. *See Rhines v. Weber*, 544 U.S. 269, 275–78 (2005).

ORDERED that the proceeding is ADMINISTRATIVELY TERMINATED pending notice from the litigants that it is ripe for reopening; and it is further

ORDERED that Petitioner shall file any request to reopen this proceeding within 45 days of the exhaustion of his claims currently pending in state court; and it is further

ORDERED that Petitioner's request for an order directing the state court to take specific action with regards to Petitioner's second PCR petition, (ECF No. 20), is DENIED; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order on Petitioner by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge